IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN NIEVES, | ) | CASE NO. 1:10 CV 2864 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Carmen Nieves under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying in part her application for disability insurance benefits.[2] After the Commissioner filed an answer[3] and the administrative record,[4] the parties briefed their positions[5] and participated in oral argument.[6]

For the reasons that follow, I will find that the Commissioner's decision is supported by substantial evidence and is, therefore, affirmed.

---

[1] ECF # 12. The parties have consented to my jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 14 (Nieves' fact sheet); # 16 (Commissioner's brief); # 18 (Nieves' brief); # 20 (Commissioner's reply brief).

[6] ECF # 22.

**Facts**

**A.     ALJ decision**

Nieves, who was 46 years old at the time of the 2009 hearing before the Administrative Law Judge ("ALJ"),[7] sustained a back injury in 2004 while working as a nurse's assistant.[8] After treatment, she was able to return to work in 2005, but then re-injured her back.[9] She underwent surgery in 2006.[10]

After the surgery Nieves continued to complain of lower back pain that radiated into her lower right extremity.[11] For this, she was treated "conservatively" with medication, nerve blocks, and physical therapy.[12] Yet, this failed to relieve her pain and it was determined that she was suffering from "failed back syndrome."[13] When MRIs of the lumbar spine in 2007 showed multiple difficulties, Nieves again underwent surgery.[14]

After this, the ALJ noted that Nieves was initially doing well, but then began to again complain of pain in January, 2008.[15] As the ALJ further noted, however, an x-ray at that time

---

[7] ECF # 10, Transcript ("Tr.") at 107.

[8] *Id*. at 106.

[9] *Id*.

[10] *Id*.

[11] *Id*.

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *Id*.

"showed a stable fusion" of the herniation at L3-4.[16] Nonetheless, Nieves was treated for pain through October 10, 2008.[17] The ALJ concluded from the above-related facts that Nieves was disabled from March 14, 2006 through October 10, 2008.[18]

That said, the ALJ found that beginning on October 11, 2008, Nieves' disability ended.[19] To that end, the ALJ cited November, 2008, notes from Sanjay Kumar, D.O., Nieves' treating physician, that state that she was "neurologically stable" at that time, with normal gait and normal straight-leg raise.[20] Dr. Kumar also stated that Nieves was then only taking a single Motrin a day for pain.[21] Moreover, the ALJ also observed that her treating psychologist, James Medling, Ph.D., "also noted that her depression was improving."[22]

Thus, the ALJ found that, beginning on October 11, 2008, Nieves "has had the residual functional capacity (RFC) to perform sedentary work which involves limited and superficial interaction with supervisors, co-workers and the public, and no high production quotas."[23]

---

[16] *Id.*

[17] *Id.*

[18] *Id.* at 108.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

Although the ALJ also concluded that Nieves was not able to perform her past relevant work as of October 11, 2008, she also found, with the testimony of a vocational expert (VE), that Nieves could perform a significant number of jobs at the sedentary level, with restrictions, in the state and national economy given her age, education, work experience, and RFC.[24]

In sum, the ALJ found Nieves disabled only for the period beginning March 14, 2006, and ending October 11, 2008.[25]

Subsequent to the hearing, and during the proceedings before the Appeals Council, Nieves submitted treatment records from 2007 to 2009 by Byong Ahn, M.D., a treating psychiatrist.[26] As Nieves concedes here, these records were not submitted to the ALJ at the hearing because her "prior counsel did not properly secure these records."[27]

**B.  Issues on judicial review**

1.  Whether substantial evidence supports the ALJ's determination that Ms. Nieves experienced medical improvement to the extent that she was no longer disabled as of October 11, 2008.

2.  Whether substantial evidence supports the ALJ's determination that Ms. Nieves does not meet listing 1.04 of the listing of impairments.

3.  Whether substantial evidence proves that the ALJ erroneously determined that Ms. Nieves did not suffer from disabling pain after October 11, 2008.

---

[24] *Id*. at 110.

[25] *Id*. at 111.

[26] ECF # 19 at 21.

[27] *Id.*

4. Whether new and material evidence warrants admission of the report from Dr. Ahn.[28]

## Analysis

**A. Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[29]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[28] ECF # 19 at 1.

[29] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

-5-

survives "a directed verdict" and wins.[30] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[31]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Applications of standard**

*1.     Substantial evidence supports the ALJ's determinations of the dates of disability, that the listing was not met, and of credibility concerning pain.*

*a.     Dates of disability*

Nieves initially argues that substantial evidence does not support the ALJ's finding that she was not disabled after October 11, 2008.[32] In particular, she contends first that because "there is no treatment note or report in the record which correlates to this date," the ALJ arbitrarily selected a date one year after her fusion surgery.[33]

As the Sixth Circuit found in *White v. Commissioner of Social Security*,[34] while a claimant may be frustrated that an ALJ's determination of the beginning and ending dates for a disability "do not neatly correspond to any 'smoking gun' medical documentation that unequivocally explain why the ALJ chose those dates," the ALJ's findings in this regard will

---

[30] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[31] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[32] *Id.* at 14.

[33] *Id.* at 15.

[34] *White v. Comm'r of Soc. Sec.*, 572 F.3d 272 (6th Cir. 2009).

be affirmed if "they are not so wholly arbitrary as to carry the ALJ's decision outside the 'zone of choice' that the ALJ possesses in rendering disability decisions."[35]

*b.     Evidence for improvement*

Further, Nieves maintains that, contrary to the ALJ's findings, she did not experience any medical improvement and so remained disabled after October 11, 2008.[36] In this regard, she observes that while the medical evidence cited by the ALJ to support his determination was "technically correct," she contends it was "isolated statements" taken out of context.[37] In that regard, she points to her continued complaints of pain after October 11, 2008, and to her being depressed after an electrodiagnostic evaluation in February, 2009.[38]

Here, again, as the Sixth Circuit observed in *White*, what a claimant may contend is inappropriate cherry-picking by the ALJ, may also "be described more neutrally as weighing the evidence."[39] As the Commissioner points out, improvement – gradual though it may be – is determined from the date of disability.[40] Thus, as the Commissioner further observes,

---

[35] *Id*. at 285 (citation omitted).

[36] ECF # 19 at 15.

[37] *Id*. at 16.

[38] *Id*.

[39] *White*, 572 F.3d at 284.

[40] *Booms v. Comm'r of Soc. Sec.*, 277 F. Supp. 2d 739, 745 (E.D. Mich. 2003). The ALJ's use of the onset date as the comparison point in a closed period case is "consistent with 42 U.S.C. § 423(f) and with the Secretary's regulation, 20 C.F.R. § 404.1594."

the ALJ here referenced the evidence cited above showing that Nieves's condition had improved by October 11, 2008 from that of March 14, 2006.[41]

In addition, as regards the EMG study cited by Nieves, I note that the ALJ specifically referenced this evaluation in her findings and stated that while it did show L5-S1 radiculopathy, it described it as "mild."[42] Moreover, rather than ignoring this evidence, the ALJ carefully acknowledged that as of October 11, 2008 Nieves "continues to have a condition that would produce the symptoms which she has alleged," but concluded that "her symptoms are no longer of disabling severity."[43] As such, if the level of pain is considered, and the underlying impairment is assessed as mild, the EMG findings are not, as Nieves claims, of themselves dispositive evidence that she experienced no improvement whatsoever between March, 2006 and October, 2008.[44]

*c.     Credibility*

A claimant's assertion of pain due to disability are evaluated under the two-part rubric set forth by the Sixth Circuit in *Walters v. Commissioner.*[45] Preliminarily, there must be objective evidence of an underlying medical condition.[46] If so, then:  (1) the claimant

---

[41] ECF # 16 at 12-13.

[42] Tr. at 109.

[43] *Id*.

[44] ECF # 19 at 16.

[45] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525 (6th Cir. 1997).

[46] *Id*. at 531.

-8-

must establish that objective evidence confirms the severity of the alleged pain arising from that condition, or (2) establish the condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.[47] In evaluating claims of pain, the ALJ may consider the credibility of the claimant, and the ALJ's determination in this regard is to be accorded great weight and deference.[48] That assessment must be supported by substantial evidence.[49]

Moreover, "if disabling severity cannot be shown by objective medical evidence alone, the Commissioner will also consider other factors, such as daily activities, and type and dosage of medication taken."[50] In so doing, the Commissioner "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record."[51] The absence of objective medical evidence to prove disabling pain thus "makes credibility a particularly relevant issue," and, in such circumstances, courts will "generally defer to the Commissioner's assessment when it is supported by an adequate basis."[52]

---

[47] *Id*.

[48] *Id*.

[49] *Id*.

[50] *Id*.

[51] *Id*. (citation omitted).

[52] *Id*. (citation omitted).

In addition, when articulating the reasons for discounting a claimant's credibility, the ALJ must provide enough of an assessment to assure the reviewing court that he or she has considered the relevant evidence and be specific enough to permit that court to trace the path of the ALJ's reasoning.[53]

Here, there is no dispute that Nieves has established as a predicate fact that she has the underlying medical condition of L5-S1 radiculopathy. Nor is there any dispute that this condition does produce pain. The issue is whether, under the test outline above, the ALJ properly concluded that the pain here was not disabling.

In that regard, Nieves has not shown that the ALJ erred in evaluating her complaints under the appropriate standards. While, as noted, there is evidence that her condition would, as the ALJ herself noted, produce pain,[54] there is no conclusive, dispositive proof that such pain is disabling. Absent such evidence, the ALJ was entitled to assess Nieves' credibility in terms of other evidence, including daily activities and medications. In that regard, she noted first that the EMG report from February, 2009 showed only "mild" radiculopathy, but was otherwise normal.[55] She further noted that Nieves was taking only Neurontin and Motrin

---

[53] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

[54] Tr. at 109.

[55] *Id.*

for pain.[56] Further, she found that her strength was functional, she had negative straight leg rising and a normal gait, and her mental condition was improving.[57]

In sum, and evaluated under the standards cited above, I find that the ALJ's determination that Nieves was not fully credible as to her complaints of pain is supported by substantial evidence. I further find that the ALJ has clearly articulated her reasons for her finding, and I am able to track the path of her reasoning. Thus, no compelling reason exists for disturbing the ALJ's finding as to credibility and it is therefore affirmed.

d.  *Nieves did not meet or equal the listing in Section 1.04A of the Appendix.*

Listing 1.04A, which is at issue here, requires the following:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) and accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting or supine).[58]

A claimant must meet all the specified medical criteria to satisfy a listing.[59] Moreover, the claimant must prove that the disability lasted for a continuous period of not less than 12 months to meet the listing.[60]

---

[56] *Id.*

[57] *Id.*

[58] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

[59] *See*, *Sullivan v. Zebley*, 493 U.S. 521, 530-32 (1990); *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004).

[60] 42 U.S.C. § 423(d)(1)(A).

Here, as the Commissioner observes, while there may be evidence that Nieves met certain individual elements of the listing at various times over the period at issue, there is no substantial evidence that she did so for all aspects of the listing over a continuous 12-month period. As an example, treatment notes from January, 2007, show no muscle weakness, normal strength, and a negative straight-leg raise.[61] In November, 2008, a straight-leg raise was also negative.[62] Further, there has been no evidence of atrophy.[63]

In addition, the medical expert in this matter testified that Nieves' condition did not meet or equal a listing.[64] As the Sixth Circuit has stated, the medical expert's testimony in this regard constitutes substantial evidence to support the Commissioner's decision.[65]

Based on the foregoing, I find that the decision of the ALJ that Nieves did not meet or equal the list at 1.04A is supported by substantial evidence and is, therefore, affirmed.

## 2. *Dr. Ahn's records do not warrant a remand.*

As noted, Nieves has conceded that she failed to timely produce Dr. Ahn's records to the ALJ because her attorney at the time failed to "properly secure these records."[66]

---

[61] Tr. at 413.

[62] *Id*. at 543.

[63] *Id*.

[64] *Id*. at 128.

[65] *Conn v. Sec'y of Health & Human Servs.*, 7 F.3d 232, 1993 WL 384966, at *1 (6th Cir. Sept. 29, 1993) (table decision) (citation omitted).

[66] ECF # 19 at 21.

When a claimant seeks to rely on new evidence that was not before the ALJ, the court may remand the matter to the Commissioner (a section six review) only if: (1) the evidence is new and material, and (2) there is good cause for why it was not previously presented to the ALJ.[67]

Without addressing the Commissioner's arguments that this new evidence is not material,[68] it is clear that the mistakes of Nieves' previous attorney does not constitute good cause for a section six remand of this matter for the consideration of new evidence.[69]

## Conclusion

For the foregoing reasons, I find that the decision of the Commissioner is supported by substantial evidence and is, therefore, affirmed.

IT IS SO ORDERED.

Dated:  March 16, 2012                                s/ William H. Baughman, Jr.
                                                      United States Magistrate Judge

---

[67] 42 U.S.C. § 405(g); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citations omitted).

[68] ECF # 20 at 8-10.

[69] *Taylor v. Comm'r of Soc. Sec.,* 43 F. App'x 941, 943 (6th Cir. 2002).

-13-